UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Protective Order** |
| v. | 21-CR-499 (PAE) |
| JOHNNY PEREZ,<br>    a/k/a "Ghost,"<br>AARON STARKS,<br>    a/k/a "Duke,"<br>SEKOU SIMPSON,<br>    a/k/a "Tre,"<br>FRED JOHNSON,<br>    a/k/a "Trinny,"<br>DAVON MIAL,<br>    a/k/a "Smooth,"<br>FRAYVON YOUNG,<br>    a/k/a "Harlem,"<br>ROBERT MASON, and<br>DONNELL BRUNS,<br>    a/k/a "Mac,"<br><br>                    *Defendants*. | |

Upon the application of the United States of America, with the consent of each of the above-referenced defendants (the "Defendants"), through his counsel, and the Defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the Defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii)

would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government will mark sensitive disclosure material as such on the records themselves. Where such marking is impracticable – in audio or video files, for example – the Government will designate records as sensitive disclosure material in correspondence to defense counsel. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the Defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material that is not sensitive disclosure material may be disclosed by defense counsel, subject to the restrictions on use and dissemination described in Paragraph 3, to:

   a. The Defendants, as needed for purposes of defending this action;

        b.     Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

        c.     Prospective witnesses, as needed for purposes of defending this action.

5.     Sensitive disclosure material shall be disclosed only as follows:

        a.     Sensitive disclosure material may be disclosed by counsel to the defendants for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (e.g., attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any records containing sensitive disclosure material outside of the offices or presence of defense counsel. The defendants shall not make or retain any notes that include any sensitive confidential information outside the offices of defense counsel.

        b.     Sensitive confidential information may be disclosed to individuals identified in paragraphs 4(a) and 4(b), above.

6.     The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7.     This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8.     The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued

during the course of the investigation and upon probable cause, including from cell phones. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). These records will be designated as sensitive disclosure material and governed accordingly. The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense.

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a Defendant's use or disclosure of ESI that originally belonged to the Defendant.

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

**The Clerk of Court is requested to terminate the motion at Dkt. No. 53**

SO ORDERED:

Dated: New York, New York
      August 31, 2021

*Paul A. Engelmayer*
THE HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE